FILED

September 24, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 2:45 PM



## COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | |
|---|---|
| Sarah Kaye McIntosh,<br>　　　　Employee,<br><br>v.<br><br>Randstad,<br>　　　　Employer,<br>and<br><br>ESIS,<br>　　　　Insurance Carrier. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Docket No.: 2015-08-0106<br><br>State File No.: 24706-2015<br><br>Date of Injury: March 23, 2015<br><br>Judge Jim Umsted |

---

## EXPEDITED HEARING ORDER CONTINUING BENEFITS PREVIOUSLY ORDERED AND DENYING MOTION TO TERMINATE BENEFITS

---

THIS CAUSE came before the undersigned Workers' Compensation Judge on September 9, 2015, upon the Motion to Terminate Benefits and Request for Expedited Hearing filed by Randstad, the Employer, on August 14, 2015. Randstad requests that the Court determine whether it is obligated to continue providing medical and/or temporary disability benefits as ordered by the Court on July 13, 2015.

The undersigned Workers' Compensation Judge conducted an in-person Motion to Terminate Benefits and Expedited Hearing on September 9, 2015. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes that Randstad is obligated to continue providing the benefits ordered on July 13, 2015.

## ANALYSIS

### Issues

At the hearing on Randstad's motion, the parties agreed the following issues should be addressed:

1

1. *Whether Ms. McIntosh's claim for injuries is compensable.*
2. *Whether Randstad has complied with the Court's order dated July 15, 2015.*
3. *Whether Dr. Alday is an authorized physician pursuant to statute and the Court's order of July 13, 2015.*
4. *Whether Dr. Alday's medical opinion on causation is entitled to a statutory presumption of correctness.*
5. *Whether the Court should terminate the benefits ordered on July 13, 2015.*
6. *Whether the Court should order Ms. McIntosh to reimburse Randstad for benefits already paid.*

### Evidence Submitted

The Court admitted into evidence the following exhibits:

Exhibit 1: Form C-42 "Agreement Between Employer/Employee Choice of Physician;"
Exhibit 2: Medical Records of Campbell Clinic Orthopaedics;
Exhibit 3: Medical Records of Dr. Ronald Terhune; and
Exhibit 4: Affidavit of Christie Hays, attorney for Randstad.

The Court marked the following exhibits for identification only:

Exhibit 5: Unsigned letter from Randstad to Ms. McIntosh dated April 8, 2015; and
Exhibit 6: Unsigned letter from Randstad to Ms. McIntosh dated August 10, 2015.

The Court allowed the parties to file the affidavit of Dr. David L. Cannon after the conclusion of the hearing on September 9, 2015, and admitted the affidavit into evidence, as follows:

Exhibit 7: Affidavit of Dr. David L. Cannon.

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD), filed April 16, 2015;
- Dispute Certification Notice (DCN), filed May 28, 2015;
- Expedited Hearing Order, filed July 13, 2015;
- Request for Expedited Hearing, filed August 14, 2015; and
- Motion for Termination of Benefits (with attachments), dated August 14, 2015.

2

The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments thereto as allegations unless established by the evidence.

Ms. McIntosh provided in-person testimony.

**History of Claim**

Ms. McIntosh claimed she injured her wrists on March 23, 2015, after filing thousands of files over a period of a few days. Randstad provided authorized treatment with Baptist Minor Medical Center (BMMC), where the doctor diagnosed "acute carpal tunnel syndrome" and referred Ms. McIntosh to an orthopedic specialist. BMMC also placed work restrictions on Ms. McIntosh as of April 1, 2015. Randstad accommodated Ms. McIntosh's light-duty work status until April 10, 2015. Randstad did not accommodate her work restrictions after that date. Ms. McIntosh filed a Request for Expedited Hearing, and on July 13, 2015, the Court issued an Order finding Ms. McIntosh presented sufficient evidence to conclude she would likely prevail at a trial on the merits. Accordingly, the Court ordered Randstad to provide a panel of orthopedic surgeons for evaluation and/or treatment of the injury of March 23, 2015. The Court also ordered Randstad to pay Ms. McIntosh past and ongoing temporary disability benefits.

Pursuant to the Court's order, Randstad provided a panel of orthopedic surgeons consisting of Dr. David L. Cannon at Campbell Clinic, Dr. W. Lee Moffatt at East Memphis Orthopedic Group, and Dr. Riley Jones at Memphis Orthopedic Group. On July 20, 2015, Ms. McIntosh selected, "Dr. David L. Cannon" as her authorized physician.

Randstad scheduled an appointment for Ms. McIntosh to see Dr. Cannon on August 3, 2015. Ms. McIntosh testified that, on the morning of August 3, she received a telephone call from staff at Campbell Clinic, who told her Dr. Cannon would not see her. Instead, Dr. Michael Alday, an occupational medicine physician at Campbell Clinic, would see her. The affidavit of Dr. Cannon explained that his policy is to refer new patients with alleged work-related injuries to an occupational medicine physician for an evaluation. Dr. Cannon noted he would only see the patient if the occupational medicine physician determines the injury is work-related. In this case, Dr. Cannon never personally saw Ms. McIntosh and, instead, referred her to Dr. Alday for evaluation.

Ms. McIntosh went to the medical appointment with Dr. Alday on August 3, 2015. She testified Dr. Alday performed a physical examination and x-rayed her wrists. Dr. Alday reported Ms. McIntosh's chief complaint was bilateral wrist and hand pain, which Ms. McIntosh said began on March 23, 2015, after six days of increased workload pulling heavy folders. He reported that, in his opinion, her symptoms were not likely the

result of any employment-related activity. He could not state whether she had carpal tunnel syndrome without confirmation by electrodiagnostic studies. This test was not performed. He opined that highly repetitive work, such as work performed in an assembly plant, caused "advanced carpal tunnel syndrome," and individuals in a clerical setting were not routinely at high risk for developing repetitive motion injuries. He opined her employment at Randstad did not contribute more than fifty percent to her current symptoms. In his report, Dr. Alday described himself as "a board certified occupational medicine physician."

## Ms. McIntosh's Contentions

Ms. McIntosh contends her carpal tunnel condition is a compensable, work-related injury. She is requesting a panel of orthopedic physicians for treatment. She has not worked since April 10, 2015, and remains unable to work because of her injury. Consequently, she also requests an award of temporary disability benefits.

## Randstad's Contentions

Randstad contends the claim is not compensable. Dr. Alday opined he did not believe Ms. McIntosh's injury arose "primarily out of and in the course and scope of employment" as required by Tennessee Code Annotated section 50-6-102(13) (2014). Randstad further contends it complied with the Court's order by paying temporary disability benefits and providing a panel of orthopedic surgeons. According to Randstad, Dr. Alday should be an authorized treating physician because Dr. Cannon, the physician selected by Ms. McIntosh from the panel, referred her to him. Furthermore, Randstad argues the Court should presume Dr. Alday's opinion on causation is correct because he is an authorized treating physician. Finally, Randstad asserts that, because Ms. McIntosh's claim is not compensable, the Court should terminate its order for benefits, and require Ms. McIntosh to refund the benefits already paid.

## Findings of Fact and Conclusions of Law

### Standard Applied

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is

4

likely to prevail at a hearing on the merits. *Id.*

*Factual Findings*

On July 13, 2015, the Court ordered Randstad to provide a panel of orthopedic surgeons for evaluation and/or treatment of the March 23, 2015 injury. Randstad provided a panel of orthopedic surgeons, and Ms. McIntosh selected Dr. Cannon at Campbell Clinic. Ms. McIntosh was supposed to see Dr. Cannon, Campbell Clinic; however, Campbell Clinic informed her she would see Dr. Alday, an occupational medicine specialist, instead. Dr. Alday reported that, in his opinion, Ms. McIntosh's injury is not compensable, and her work did not contribute more than fifty percent to her symptoms. Ms. McIntosh has not returned to work and has not been examined by an orthopedic surgeon, as ordered by the Court.

*Application of Law to Facts*

For injuries on or after July 1, 2014, an employee must show that her injury arose primarily out of and in the course and scope of employment. Tenn. Code Ann. § 50-6-102(13) (2014). "Arising primarily out of and in the course and scope of employment" requires a showing, to a reasonable degree of medical certainty, that the injury causing disablement or the need for medical treatment contributed more than fifty percent considering all causes. Tenn. Code Ann. § 50-6-102(13)(B) (2014). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the treating physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(13)(D) (2014).

On July 13, 2015, the Court ordered Randstad to provide a panel of orthopedic surgeons, compliant with Tennessee Code Annotated section 50-6-204(a)(3) (2014), for evaluation and/or treatment of the injury of March 23, 2015. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) provides that a panel includes "a group of three (3) or more independent reputable physicians, surgeons, chiropractors or specialty practice groups." The Court's order limited the panel to orthopedic surgeons. Randstad initially complied with the Court's order by providing a panel of orthopedic surgeons. However, Dr. Cannon, the physician selected from the panel, refused to see Ms. McIntosh. Instead, Dr. Alday, an occupational medicine specialist, examined her.

Randstad contends Dr. Alday is an authorized treating physician, since Dr. Cannon referred Ms. McIntosh to him. Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii) provides, "[w]hen necessary, the treating physician selected in accordance with this subdivision (a)(3)(A) shall make referrals to a specialist physician, surgeon, or chiropractor and immediately notify the employer." This Court finds, however, that Dr. Cannon was not a treating physician as described by this statute. While Ms. McIntosh selected Dr. Cannon from a valid panel, he declined to treat her. Accordingly, Tennessee Code Annotated section 50-6-204(a)(3)(G) applies. Pursuant to this section:

5

If any physician, surgeon, chiropractor or specialty practice group included on a panel provided to an employee under this subsection declines to accept the employee as a patient for the purpose of providing treatment to the employee for his workers' compensation injury, the employee may either select a physician from the remaining physicians, surgeons or chiropractors included on the initial panel provided to the employee pursuant to subdivision (a)(3)(A) or request that the employer provide an additional choice of a physician, surgeon, chiropractor or specialty practice group to replace the physician, surgeon or chiropractor who refused to accept the injured employee as a patient for the purpose of treating the employee's workers' compensation injury.

Tenn. Code Ann. § 50-6-204(a)(3)(G) (2014). According to this statute, Randstad should have allowed Ms. McIntosh to either choose one of the remaining physicians listed on the panel, or request another orthopedic surgeon to replace Dr. Cannon on the panel. Neither of these options was given to Ms. McIntosh. Furthermore, to find that Dr. Alday is Ms. McIntosh's authorized treating physician based on Dr. Cannon's "referral" would allow a physician to circumvent the Court's order, which concluded that the law entitled Ms. McIntosh to examination and/or treatment from an orthopedic surgeon. Consequently, the Court finds that Dr. Alday is not an authorized treating physician pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A).

Tennessee Code Annotated section 50-6-102(13)(E) (2014) provides, "[t]he opinion of the treating physician, selected by the employee from the employer's designated panel of physicians pursuant to § 50-6-204(a)(3), shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Having found that Dr. Alday is not an authorized treating physician in this case, his opinion on causation carries no presumption of correctness. However, his opinion is entitled to consideration. A careful review of Dr. Alday's opinion shows he did not believe Ms. McIntosh's work contributed more than fifty percent to her symptoms. However, he did not explain how he reached that conclusion. He did not point to any specific causes other than work that could have caused her current symptoms. His only explanation was that highly repetitive work, such as work performed in an assembly plant, caused "advanced carpal tunnel syndrome," and individuals in a clerical setting were not routinely at high risk for developing repetitive motion injuries. Using this logic, no claims alleging clerical work caused carpal tunnel syndrome would ever be compensable. The Court declines to adopt that reasoning. Furthermore, Dr. Alday did not address the initial diagnosis of "acute carpal tunnel syndrome" made at BMMC, but instead, concentrated on a discussion of repetitive motion injury.

Having considered all of the above, the Court finds the benefits previously ordered are not terminated, temporary partial disability benefits shall continue to be paid, and Ms. McIntosh remains entitled to a panel of orthopedic surgeons as previously ordered.

**IT IS, THEREFORE, ORDERED** as follows:

1. Randstad's Motion to Terminate Benefits is denied.

2. Randstad shall allow Ms. McIntosh to select an orthopedic surgeon pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(G) (2014) for evaluation and/or treatment of the injury of March 23, 2015. Randstad shall replace Dr. Cannon on the previous orthopedic panel and provide this new panel to Ms. McIntosh.

3. As previously ordered, Randstad shall continue TPD payments to Ms. McIntosh until she is either placed at MMI or able to work at a job enabling her to earn a wage equal to or better than that earned at the time of injury.

4. This matter is set for Initial Hearing on October 28, 2015, at 9:00 a.m. Central Time.

5. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 24th day of September, 2015.**

**Jim Umsted, Judge**
**Court of Workers' Compensation Claims**

7

<u>Initial Hearing</u>:

An Initial Hearing has been set with **Judge Jim Umsted, Court of Workers Compensation Claims. You must dial in at 866-943-0014 toll free to participate in your scheduled conference.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.** All conferences are set using Central Time (CT).

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of

Appeal. The Judge must approve the statement of the evidence before the Court Clerk may submit the record to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 24th day of September, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|----------------|------------------|---------|------------|-----------|---------------|
| Sarah McIntosh | | | | | X | justkaye44@aol.com |
| Blair B. Evans, Esq. | | | | | X | bevans@bakerdonelson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

9